IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA A. MENDENHALL, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 21-00304-KD-B |
| | * |
| FRANK KENDALL,[1] | * |
| Secretary, | * |
| Department of the Air Force, | * |
| | * |
| Defendant. | * |

**ORDER**

This action is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Plaintiff Linda A. Mendenhall, proceeding *pro se*, filed a complaint and motions to proceed without prepayment of fees. (Docs. 1, 4, 5). Upon consideration, Mendenhall's motions to proceed without prepayment of fees (Docs. 4, 5) are **GRANTED**.

Because Mendenhall is proceeding *in forma pauperis*, the undersigned has conducted an initial screening of her complaint under 28 U.S.C. § 1915(e)(2)(B). See Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir.) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all

---

[1] The Court takes judicial notice that Frank Kendall is now the Secretary of the Air Force. Accordingly, pursuant to Fed. R. Civ. P. 25(d), the Clerk is **DIRECTED** to substitute Frank Kendall, Secretary, Department of the Air Force, as the Defendant in this case.

IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017). After careful review, the Court finds that Mendenhall's complaint is deficient, and that Mendenhall must file an amended complaint to remedy the deficiencies in her original complaint.

### I.   STANDARDS OF REVIEW

#### A. 28 U.S.C. § 1915(e)(2)(B).

Because Mendenhall is proceeding *in forma pauperis*, the Court has reviewed her complaint under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) requires a district court to dismiss the complaint of a plaintiff proceeding *in forma pauperis* if it determines that the complaint (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A case is frivolous under § 1915(e)(2)(B)(i) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

In addition, under § 1915(e)(2)(B)(ii), a complaint may be dismissed for failure to state a claim on which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). Id. Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a complaint does not need detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). While a court must accept as true a plaintiff's well-pleaded factual allegations, it is not required to accept a plaintiff's legal conclusions. Id.

**B.    Federal Rules of Civil Procedure 8 and 10.**

Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 10(b) of the Federal Rules of Civil Procedure further provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015); see also LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818-19 (11th Cir. 2015) (per curiam) (noting that the Eleventh Circuit "has repeatedly condemned shotgun

4

pleadings" and finding that plaintiff's complaint was properly dismissed because it was "a classic shotgun pleading" that did not comply with Rules 8(a), 8(d), or 10(b)). Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

**C. Pro Se Litigation.**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**II. COMPLAINT**

Mendenhall's complaint appears to utilize this Court's form complaint for civil actions alleging employment discrimination. (See Doc. 1). In the complaint, Mendenhall lists the Secretary of

5

the Air Force as the sole Defendant[2] and states that she was employed by the Department of the Air Force from September 19, 2016 to March 7, 2017. (Id. at 1-2). She states that the acts complained of in this lawsuit are termination of her employment, "Genetic Discrimination, Reprisal, [and] Per Se Retaliation[.]" (Id. at 1). Mendenhall alleges that Defendant discriminated against her on account of her religion, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Id. at 2). She further indicates that she is bringing claims for employment discrimination based on physical disability under the Americans with Disabilities Act ("ADA"), and for age discrimination under the Age Discrimination in Employment Act ("ADEA").[3] (Id.).

When prompted to list the names, races, sexes, and job titles/positions of the individuals who allegedly discriminated against her during her employment with Defendant, Mendenhall states: "SES Richard Aldridge BES, Lt. Col Michael King Director JAG BES Contracting Maxwell AFB." (Id.). Mendenhall describes the alleged discrimination as follows:

> I Linda E. Mendenhall, was hired by another Col. before Col. arrive in July 2016. I was hired at Redstone Arsenal Huntsville, Alabama from February 2009, until

---

[2] "The only proper Defendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff." Farrell v. U.S. Dep't of Just., 910 F. Supp. 615, 618 (M.D. Fla. 1995).

[3] Mendenhall lists her age as "60." (Doc. 1 at 2).

> March 2014. The complainant Linda E. Mendenhall was remove [sic] from her job for reporting contract fraud and settle [sic] with The Department of The Army. The complainant was hired as a GS-14 with the Department of The Air Force and later learn [sic] that the Department Of The Army reach out and revile [sic] what had happen [sic] at Redstone Arsenal and the complainant was removed.

(Id. at 3).[4]

Mendenhall states that she filed charges with the EEOC regarding alleged discriminatory conduct on March 8, 2017, and that she received a right-to-sue letter on May 24, 2021.[5] (Id.). For her requested relief, Mitchell places check marks next to recovery of back pay, and next to reinstatement to her former job and any other appropriate relief. (Id.).

### III. DISCUSSION

Upon review, the Court finds that Mendenhall's complaint, as drafted, fails to state a claim upon which relief can be granted for employment discrimination on the basis of genetics, religion, physical disability, or age. An employment discrimination complaint must "provide enough factual matter to plausibly suggest intentional discrimination." Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641 (11th Cir. 2018) (per curiam) (citing Surtain

---

[4] Mendenhall states that this alleged illegal activity took place at Maxwell Air Force Base in Montgomery, Alabama. (Doc. 1 at 3).

[5] Mendenhall did not attach a copy of her EEOC right-to-sue notice to the complaint. (See Doc. 1). However, she subsequently filed the notice as a supplement to the complaint. (Doc. 3).

7

v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam)); see also Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam) ("[C]omplaints alleging discrimination . . . must meet the 'plausibility standard' of Twombly and Iqbal."). As set forth in more detail below, Mendenhall's complaint is entirely devoid of facts that could plausibly suggest intentional discrimination based on genetics, religion, physical disability, or age.

### A.  Religious Discrimination.

As noted *supra*, Mendenhall alleges that Defendant discriminated against her on account of her religion in violation of Title VII. (See Doc. 1 at 2). Title VII provides that personnel actions affecting federal employees "shall be made free from any discrimination based on race, color, *religion*, sex, or national origin." 42 U.S.C. § 2000e-16(a) (emphasis added). Although Mendenhall checks a box indicating that Defendant discriminated against her on account of her religion, she states absolutely no facts to support that assertion. Indeed, the complaint fails to even identify Mendenhall's religion,[6] nor does it identify the religion of the two individuals Mendenhall alleges discriminated against her. Mendenhall also fails to identify an adverse personnel action allegedly taken on account of her religion and

---

[6] The EEOC documents subsequently filed by Mendenhall list her religion as "Jewish-Ashkenazi." (See Doc. 3).

8

fails to state facts that would plausibly suggest that any such action was taken because of her religion. In the absence of *any* facts plausibly suggesting intentional discrimination on the basis of religion, Mendenhall has not made out a plausible Title VII religious discrimination claim.

### B. Disability Discrimination.

Mendenhall also checks a box indicating that she is asserting a claim for physical disability discrimination under the ADA. (See Doc. 1 at 2). Since Mendenhall was a federal employee, her disability discrimination claim falls under the Rehabilitation Act, which "extends the protections of the [ADA] to federal government employees." Fleck v. Sec'y of U.S. Dep't of Transp., 826 F. App'x 782, 784 (11th Cir. 2020) (per curiam) (citing 29 U.S.C. § 791(f)); see Smith v. McCarthy, 2021 U.S. Dist. LEXIS 40914, at *1 n.2, 2021 WL 2584095, at *1 n.2 (M.D. Ala. Mar. 3, 2021) (noting that the proper statute under which the *pro se* plaintiff, a former United States Army employee, could raise her disability-based discrimination claim was the Rehabilitation Act, and construing plaintiff's claim as one brought under the Rehabilitation Act when plaintiff checked the box on the form complaint indicating that she was bringing a claim pursuant to the

ADA), report and recommendation adopted, 2021 U.S. Dist. LEXIS 117144, 2021 WL 2582576 (M.D. Ala. June 23, 2021).[7]

The Rehabilitation Act "prohibits federal agencies from discriminating against otherwise qualified individuals with a disability." Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999). To state a claim for disability discrimination, a plaintiff must plausibly allege facts suggesting that (1) she had a disability;[8] (2) she was otherwise qualified for the position;[9] and (3) she was subjected to unlawful discrimination because of her disability. See Garrett v. Postmaster Gen. U.S. Postal Servs., 725 F. App'x 782, 784 (11th Cir. 2018) (per curiam); see also Equal Employment Opportunity Comm'n v. STME, LLC, 938 F.3d 1305, 1314

---

[7] "The standard for determining liability under the Rehabilitation Act is the same as that under the [ADA]; thus, cases involving the ADA are precedent for those involving the Rehabilitation Act." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam); see also Cash v. Smith, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000) ("Cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa."); 29 U.S.C. § 794(d).

[8] "The ADA and the regulations interpreting the Rehabilitation Act both define 'disability' as '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000) (citations omitted); see 42 U.S.C. § 12102(1).

[9] "A 'qualified individual' is one 'who, with or without reasonable accommodation, can perform the essential functions of the employment position.'" Shannon v. Postmaster Gen. of U.S. Postal Serv., 335 F. App'x 21, 25 (11th Cir. 2009) (per curiam) (quoting 42 U.S.C. § 12111(8)).

(11th Cir. 2019) ("To state a disability discrimination claim, a claimant must allege that she was a 'qualified individual' who suffered an adverse employment action because of her 'disability' . . . ."); Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) ("[U]nder the Rehabilitation Act, a plaintiff must prove that he suffered an adverse employment action 'solely by reason of' his handicap.") (quoting 29 § U.S.C. 794(a)).

Although Mendenhall places an "X" next to physical disability on the complaint, she does not list or describe her alleged disability, she does not allege that she was a qualified individual, she does not identify any adverse employment action that she attributes to disability discrimination, and she does not allege any facts that would suggest that she suffered unlawful discrimination because of a disability. Accordingly, Mendenhall's complaint fails to state a claim for disability discrimination under the Rehabilitation Act.

C. **Age Discrimination.**

Mendenhall further implies – by listing her age - that she is bringing a claim for age discrimination under the ADEA. (See Doc. 1 at 2). "The ADEA makes it unlawful for an employer to discriminate against employees over age 40 on the basis of age." Caraway v. Sec'y, U.S. Dep't of Transp., 550 F. App'x 704, 708 (11th Cir. 2013) (per curiam) (citations omitted). To state a claim for age discrimination under the ADEA, a plaintiff must

11

allege, at a minimum, facts that plausibly suggest that the defendant subjected her to an adverse employment action because of her age. Harris v. Acosta, 2018 U.S. Dist. LEXIS 237415, at *21-22, 2018 WL 7080617, at *7 (N.D. Ga. Jan. 9, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 238876, 2018 WL 7082541 (N.D. Ga. Feb. 5, 2018).

Although Mendenhall lists her age as sixty, she does not identify any adverse employment action that she attributes to age discrimination, nor does she allege any other facts that suggest that Defendant subjected her to an adverse employment action because of her age. Therefore, Mendenhall's complaint does not state a viable claim for age discrimination under the ADEA.[10]

**D.   Genetic Discrimination.**

Mendenhall's complaint also alleges "Genetic Discrimination," although it does not identify the statutory basis for such a claim. (See Doc. 1 at 1). Mendenhall's claim of genetic discrimination could potentially be construed as arising under the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff et seq. ("GINA"), which prohibits an employer from discriminating against an employee "because of genetic information with respect

---

[10] The Court notes that although paragraph 9 of the form complaint requests the names, races, sexes, and positions or titles of the individuals who allegedly discriminated against the plaintiff during the plaintiff's employment with the defendant company, Mendenhall provided only the names and titles of the two individuals she listed. (See Doc. 1 at 2).

to the employee." 42 U.S.C. § 2000ff-1(a); see Yajaira Bezares C. v. The Donna Karan Co. Store LLC, 2014 U.S. Dist. LEXIS 70652, at *12, 2014 WL 2134600, at *4 (S.D.N.Y. May 22, 2014) (liberally construing claim of "genetic" discrimination that did not identify the statutory basis for the claim as arising under GINA). "'Genetic information' means the employee's 'genetic tests,' 'the genetic tests of [the employee's] family members,['] and 'the manifestation of a disease or disorder in [the employee's] family members.'" Jacobs v. Donnelly Commc'ns, 2013 U.S. Dist. LEXIS 139018, at *4, 2013 WL 5436682, at *2 (N.D. Ga. Sept. 27, 2013) (quoting 42 U.S.C. § 2000ff(4)(A)); see also 29 C.F.R. § 1635.3(c).

Although Mendenhall appears to list genetic discrimination as the basis for a claim, she alleges no facts in support of a claim for discrimination based on genetic information under GINA, and she therefore fails to state a claim on which relief can be granted. See Lawson v. Kelly, 2011 U.S. Dist. LEXIS 134260, at *11, 2011 WL 6119099, at *4 (N.D. Fla. Oct. 13, 2011) ("Beyond listing GINA as the basis for one of their claims, . . . plaintiffs allege no facts in support of a GINA action-there are no allegations that any defendant asked for or obtained plaintiff Dyson's genetic information or, even assuming *arguendo* that such information was made available to defendants, that such information was used to discriminate against plaintiff. Accordingly, the court will dismiss plaintiffs' claims under

13

GINA."), report and recommendation adopted, 2011 U.S. Dist. LEXIS 134285, 2011 WL 6118766 (N.D. Fla. Nov. 21, 2011); see also Jacobs, 2013 U.S. Dist. LEXIS 139018, at *5, 2013 WL 5436682, at *2 (noting that "[d]iscrimination based on a condition, as opposed to 'genetic information,' is not covered by GINA"); Macon v. Cedarcroft Health Servs., Inc., 2013 U.S. Dist. LEXIS 43226, at *21, 2013 WL 1283865, at *7 (E.D. Mo. Mar. 27, 2013) (holding that alleged discrimination on the basis of race and disability "is not 'genetic information' under GINA" and therefore cannot support a claim for genetic information discrimination under the statute).

    **E.   "Reprisal" and "Per Se Retaliation".**

The Court notes that the few factual allegations that are included in Mendenhall's complaint appear to relate only to her assertions of "Reprisal" and "Per Se Retaliation," and not to her claims of genetic, religious, disability, and age discrimination. As best the Court can discern, Mendenhall alleges that she was discharged from her previous employment with the Department of the Army for reporting contract fraud and later reached a settlement with the Army. Mendenhall alleges that after she was subsequently hired by the Department of the Air Force, the Department of the Army reached out to the Department of the Air Force and revealed what happened with respect to Mendenhall's prior employment, and the Department of the Air Force terminated her employment as a result. (See Doc. 1 at 3). However, to the extent Mendenhall

14

seeks to raise one or more claims relating to these factual allegations, she fails to identify the statutory bases for such claims. Accordingly, Mendenhall's complaint fails to provide adequate notice of her "Reprisal" and "Per Se Retaliation" claims and the grounds on which they rest and fails to provide a statutory basis for federal jurisdiction with respect to such claims.

### F. Leave to Amend.

In sum, Mendenhall's complaint, as drafted, fails to state a claim upon which relief may be granted for genetic, religious, disability, or age discrimination, and it further fails to give adequate notice of the federal statutory and jurisdictional bases for her claims of "Reprisal" and "Per Se Retaliation." Although Mendenhall's complaint is deficient as drafted, dismissal at this juncture is premature. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). Therefore, the appropriate course of action is to provide Mendenhall the opportunity to amend her complaint.

### IV. CONCLUSION

Upon consideration, Mendenhall's motions to proceed without prepayment of fees (Docs. 4, 5) are **GRANTED**.

15

To cure the above-described deficiencies in her original complaint, Mendenhall is **ORDERED** to file a first amended complaint on or before **May 27, 2022**. In her first amended complaint, Mendenhall must (i) specifically identify all federal statutes or constitutional provisions under which she is asserting a cause of action or claim for relief **and** make clear which statute or constitutional provision each individual claim is brought under; (ii) allege **facts** sufficient to plausibly suggest the required elements of each cause of action or claim for relief; and (iii) plead her claims with sufficient specificity to conform to Rules 8 and 10. This includes identifying her pleading as a first amended complaint; specifying which factual allegations pertain to which causes of action or claims for relief; and providing the specific grounds upon which **each** of her claims for relief are based.

Mendenhall's first amended complaint will supersede her original complaint; therefore, the first amended complaint shall not reference the original complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Mendenhall is cautioned that she should not assume that she will be granted further opportunities to amend her pleading. If

16

Mendenhall fails to comply with this order by timely filing a first amended complaint that provides fair notice of each claim asserted against the Defendant and includes factual matter sufficient to state a claim on which relief can be granted, this action will be subject to dismissal.

The Clerk is **DIRECTED** to send to Mendenhall a copy of the Pro Se Litigant Guide.  Mendenhall is encouraged to review the Pro Se Litigant Guide carefully so as to avoid the pleading deficiencies identified above.

The Clerk is further **DIRECTED** to withhold service of Mendenhall's complaint pending the filing, and this Court's review, of a first amended complaint.

**DONE** this **28th** day of **April, 2022.**

> /S/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**