IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA A. MENDENHALL, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   CIVIL ACTION NO. 1:21-00304-KD-B |
| FRANK KENDALL, SECRETARY, DEPARTMENT OF THE AIR FORCE, *et al.*, | ) ) ) ) ) |
|     Defendants. | ) ) |

## ORDER

    This action is before the Court on the Application to Proceed in the District Court without Prepaying Fees or Costs (doc. 19) and Notice of Appeal (doc. 18) filed by Plaintiff Linda A. Mendenhall. Upon consideration, and for the reasons set forth herein, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that Mendenhall's appeal is not taken in good faith. Accordingly, the Application to Proceed is DENIED.

    Mendenhall, a licensed attorney, filed a *pro se* complaint against the Secretary of the Air Force alleging employment discrimination based on religion, disability, and race (doc. 1). Her motions to proceed without prepayment of fees were granted (doc. 6). Mendenhall was ordered to file an amended complaint to address specific pleading deficiencies and was cautioned that the action would be subject to dismissal if she failed to timely file an amended complaint which corrected the deficiencies (Id.). She filed her First Amended Complaint (doc. 7). She also filed a document titled "Application to Proceed in District Court without Costs" (doc. 8). The Application contained allegations which appeared to be new allegations of discrimination.

    After review of the First Amended Complaint and the Application, Mendenhall was ordered

to file a Second Amended Complaint (doc. 11).  The First Amended Complaint did not comply with the Court's order and the Federal Rules of Civil Procedure.  The Magistrate Judge thoroughly explained the deficiencies in the First Amended Complaint and how to correct same (Id., pgs. 5-30).  Mendenhall was cautioned that failure to timely file a Second Amended Complaint that corrected each deficiency would result in a recommendation that her action be dismissed.  She was cautioned that she would have no further opportunities to amend (Id., p. 31).

Mendenhall filed a Second Amended Complaint (doc. 13).  Upon review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge entered a Report and Recommendation for dismissal with prejudice on grounds that Mendenhall had willfully violated the Court's directives by repeatedly failing to plead a complaint which complies with the Federal Rules of Civil Procedures and states a claim upon which relief can granted (doc. 14).  Mendenhall filed an objection (doc. 15).  The Court adopted the Report and Recommendation and Mendenhall's Second Amended Complaint was dismissed with prejudice (docs. 16, 17, Judgment).  Mendenhall filed a Notice of Appeal (doc. 18) and an Application to Proceed in the District Court without Prepaying Fees or Costs (doc. 19).

Title 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure govern the assessment of motions to appeal without prepayment of fees, or in forma pauperis. In relevant part, the statute states as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1)&(3).

Rule 24(a) further provides, in relevant part:

(1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a)(1)-(2). Therefore, two requirements must be met before Mendenhall may pursue an appeal without prepayment of fees and costs. First, she must demonstrate, by affidavit, that she is financially unable to pay fees and costs. Fed. R. App. P. 24(a)(1). Second, notwithstanding a finding of economic eligibility, she may not appeal without prepayment if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Mendenhall indicates that her "average monthly income amount during the past 12 months" was $14,818.00 (doc. 19, p. 1-2). This computation of "monthly" income conflicts with her employment history which indicates "Gross monthly pay" of $733.00 per month from September 2022 to December 2022, and $940.00 per month from July 2022 to November 2022. Mendenhall lists two employers thus she appears to have worked at two jobs simultaneously. Her husband is not employed but has an "Army pension pending." (Id., p. 5). She reports owning a Dodge valued at $32,500.00, a Fiat valued at $22,220.00, and a home valued at $120,000.00. Mendenhall reports monthly expenses of $1,714.00 for herself and $4,633.00 for her husband, which includes an

3

$800.00 mortgage payment and vehicle payments totaling $250.00 per month.  She has $302.00 in her checking account and her spouse, $112.00.  Assuming for purposes of this Application, that her monthly income is not $14,818.00 but more in the range of $1,700.00 ($733.00 + $940.00), Mendenhall appears to qualify financially to proceed without prepayment of fees and costs.

The Court must now determine whether the appeal is taken in good faith. An appeal is taken in good faith when the appellant seeks "appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (per curiam) citing Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962).  A "case is frivolous [ ] when it appears that the plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted); Ghee, 271 Fed. Appx.at 859.

Mendenhall appeals the Court's order and judgment dismissing this action with prejudice (doc. 18).  She did not state the grounds for appeal. However, the Court dismissed this action for repeated and willful failure to comply with the Court's orders, failure to comply with the Federal Rules of Civil Procedure which govern the sufficiency of complaints, and failure to state a claim upon which relief can be granted.  Thus, any appeal must at the least be based upon an error in these decisions. An objective review of the Magistrate Judge's recommendation which thoroughly addressed these issues and explained the cautionary warnings given to Mendenhall, indicates that there are no non-frivolous grounds for appeal. Thus, her appeal is "without arguable merit either in law or fact" and therefore, "frivolous" and "not brought in good faith." Ghee, at 859-860.

DONE and ORDERED this the 9th day of January 2023.

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**

4